| ROD DANIELSON, Chapter 13 Trustee<br>3787 University Avenue<br>Riverside, CA 92501-1749<br>(951) 826-8000  FAX (951) 826-8090<br><br>☒ Chapter 13 Trustee | FOR COURT USE ONLY |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | Case No. 6: 19-bk-10084 MH |
| In re:<br><br>SANDRA LUZ TORRES,<br><br><br><br><br><br>Debtor(s). | **HEARING DATE: 4/25/19**<br><br>**HEARING TIME: 11:00 AM**<br><br>**COURTROOM: 303** |

## TRUSTEE'S COMMENTS ON OR OBJECTION TO:

☒ OTHER: <u>DEBTOR'S MOTION TO VACATE DISMISSAL ORDER</u>

The undersigned Chapter 13 Trustee, having reviewed Debtor's Motion filed on ___4/5/19____ as docket entry number 40, recommends:

☒ DISAPPROVAL for the following reasons:

1. This case was properly dismissed due to the failure of debtor and/or counsel to appear at the hearing on the confirmation of debtor's plan, and for the failure of counsel to file the court's mandatory form F3015-1.4 (Declaration Setting Forth Post Petition Payments) verifying that the March 2019 mortgage payment had been timely paid by debtor. See LBR 3015-1 (m)(2). Debtor and counsel had ample notice the requirement that counsel appear at the confirmation hearing (see LBR 3015-1(d)) and of the court's filing requirements (see LBR 3015-1 (m)(2),

yet debtor and counsel failed to appear in prosecution of the case and failed to file form F 3015-1.4.[1]

2. An order that vacates a dismissal order is an unusual remedy. In Re Robinson, 2003 WL 2207730, *1 (Bankr.M.D.Ga. Aug. 15, 2003). A case should not be reinstated simply because the debtor is now ready to remedy a problem that led to the dismissal. *Id. Cited in* In Re Repurchase Corp., 332 B.R. 336 Bankr. N.D Ill., 2005 *(chapter 11).* There is no evidence of "excusable neglect" or any other basis for this court to grant the relief requested.

3. There is a deep-rooted policy in federal law of finality of judgments. In re Huff, 118 B.R. 146 (Bankr. S.D. Fla. 1990), citing *Travelers Indemnity Company v. Gore,* 761 F.2d 1549, 1551 (11th Cir.1985). Motions for reconsideration "are 'disfavored' and will be granted only upon a showing of 'manifest error' or 'new facts or legal authority that could not have been raised earlier with reasonable diligence.'" In re Rosson, 545 F 3d 764, 769 (9th Cir. 2008) (citations and brackets omitted). Here, there is no evidence of either "manifest error" or "new facts or legal authority." See also In re Zapata, 2012 Bankr. Lexis 4647, at *12 (9th Cir, BAP 2012): In affirming a bankruptcy court order refusing to vacate an order dismissing a chapter 13 case, the 9th Circuit Bankruptcy Appellate Panel noted that "courts should not reconsider their earlier orders unless there is newly discovered evidence, [the court] committed clear error, or there is intervening change in the controlling law."

4. "Counsel error" (as in this case) in failing to timely file required documents and failing to appear and prosecute the case is an insufficient basis to vacate a dismissal order. See Edward H Bohlin Co. V. Banning Co., 6 F.3d 350,357 (5th Cir 1993): "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."

---

[1] *Cf,* In re Messbauer 2015 Bankr. Lexis 2729 (Bankr. M.D. Fla 2015 (denying a motion by a chapter 13 debtor to vacate a dismissal order entered after that debtor failed to file all case initiation documents).

5. The Trustee and the court have already commenced closing procedures as to this case. Judicial (and administrative) economy and the administrative burden of re-opening this case dictate that this dismissal should remain final. Vacating the dismissal order also increases the risk of confusion to creditors, who have been served with notice of the dismissal.[2] As noted by the court in In re Dorff, 480 B.R. 919 (Bankr. E.D. Wis. 2012) (chapter 7 case): Granting a motion to vacate the dismissal of a case "would create numerous inefficiencies for the court system and could be highly prejudicial to creditors."[3] See also Aheong v. Mellon Mort Co. (In re Aheong), 276 B.R. 233, 243 (B.A.P. 9th Cir. 2002): Unlike an order reopening a bankruptcy case, which does not undo any of the statutory consequences of closing, vacating an order of dismissal would have "potentially enormous, highly disruptive and unintended consequences."

6. All creditors and interested parties are entitled to full and fair notice of debtor's motion. Due process and LBR 9013-1 demand no less. <u>No creditor that filed a proof of claim in the case has been served at the correct address set forth on the proof of claim.</u>

7. The burden is on the debtor to prove each element of the relief sought, (in re Huerta 137 B.R. 356 (Bankr. C.D. CA 1992)); to date, insufficient evidence has been filed in support of the relief requested.

Dated: 04/08/19

                                                                    Rod Danielson
_____ 2019.04.08
Rod Danielson, Chapter 13 Trustee    07:12:43 -07'00'

---

[2] See In re Robinson, *supra*: "Creditors receiving notice of the dismissal of the case may change their position in reliance on the order dismissing the case. It is not fair to require those creditors to incur the additional expense and inconvenience of coming forward to explain to the court why the case should not be reinstated when it was dismissed for appropriate reasons."

[3] The court in Dorff identified the following concerns: "New deadlines for discharge and dischargeability objections and section 707(b) dismissal motions need to be established. If a meeting of creditors has not been held, it must be scheduled. Additional notices must be sent to creditors, creating the possibility of confusion. Reinstating a dismissed case has the potential to create significant predicaments—if the debtor incurred new debt between the petition and the reinstatement, is that debt subject to discharge? What happens to assets the Debtor obtained between the date of dismissal and the date of reinstatement? Since dismissal of the case ends the Trustee's avoidance powers under section 546(a)(2), does reinstatement revive those powers? . . ."

| In re: **SANDRA LUZ TORRES** | **Chapter: 13** |
|---|---|
| Debtor(s) | Case Number: **6:19-bk-10084-MH** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **TRUSTEE COMMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service Information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **4/8/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here contitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor | Attorney for Debtor | |
|---|---|---|
| SANDRA LUZ TORRES | LAW OFFICE OF JASON B. CRUZ | HONORABLE MARK D. HOULE |
| 32857 AVENUE E | 18 EAST STATE STREET | 3420 TWELFTH STREET, |
| YUCAIPA, CA 92399 | SUITE 203-1 | COURTROOM 303 |
| | REDLANDS, CA 92373 | RIVERSIDE, CA 92501-3819 |

☐ Service Information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/8/2019 | Susan Jones | /s/ Susan Jones |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FG:173 - RD
JUNE 2012

**F 9013-3.1.PROOF.SERVICE**